# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50959

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

LEVI BENJAMIN POPPLEWELL,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 22, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge.

Judgment of conviction and concurrent, unified sentences of twenty years, with minimum periods of confinement of four years, for lewd conduct with a minor under sixteen and sexual abuse of a child under sixteen, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

    Levi Benjamin Popplewell pled guilty to lewd conduct with a minor under sixteen, I.C. § 15-1508, and sexual abuse of a child, I.C. § 18-1506. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Popplewell to concurrent, unified terms of twenty years, with minimum periods of confinement of four years, to run consecutively to an unrelated sentence. Popplewell appeals, arguing that his sentences are excessive.

    Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Popplewell's judgment of conviction and sentences are affirmed.